IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

USIC LOCATING SERVICES, INC.,

    Plaintiffs,

vs.

ONE CALL LOCATORS, LTD, d/b/a ELM LOCATING & UTILITY SERVICES and LEE C. GRAVES,

    Defendants.

Case No: 1:11-CV-0071-SEB-DKL

## **DEFENDANTS ONE CALL LOCATORS, LTD. d/b/a ELM LOCATING & UTILITY SERVICES' AND LEE C. GRAVES' ANSWER TO PLAINTIFF'S COMPLAINT, DEMAND FOR JURY TRIAL, AND COUNTERCLAIM FOR DECLARATORY JUDGMENT**

For their Answer to Plaintiff's Complaint for Damages filed January 14, 2011, Defendants One Call Locators, Ltd. d/b/a ELM Locating & Utility Services ("One Call") and Lee C. Graves ("Graves") collectively "Defendants", by counsel, admit, deny and allege as follows:

### **PARTIES AND JURISDICTION**

1. Defendants are without knowledge as to the truth of the allegations set forth in Paragraph 1, and on that basis deny the allegations thereof.

2. Defendants admit the allegations set forth in Paragraph 2.

3. Defendants admit the allegations set forth in Paragraph 3.

4. Defendants admit the allegations set forth in Paragraph 4.

5. Defendants admit the allegations set forth in Paragraph 5.

6. Defendants admit the allegations set forth in Paragraph 6.

### **ALLEGATIONS COMMON TO ALL COUNTS**

### **The APA**

7. Defendants repeat and incorporate by reference Paragraphs 1-6 above.

8. Defendants admit the allegations set forth in Paragraph 8.

9. Defendants admit the allegations set forth in Paragraph 9.

10. Defendants admit Graves is a party to the Original APA and deny the remainder of allegations in Paragraph 10.

11. Defendants admit the allegations set forth in Paragraph 11.

12. Defendants admit the transaction under the APA closed on September 30, 2010 ("Closing") and that USIC now owns ELM's assets as described in the APA and deny the remainder of allegations in Paragraph 12.

### The Accounts Receivables

13. As pertains to Paragraph 13, Defendants admit Section 1.01 of the Original APA exists and that it speaks for itself.

14. Defendants admit that Accounts Receivables were received by ELM and deny the remainder of the allegations set forth in Paragraph 14.

15. Defendants deny each and every allegation set forth in Paragraph 15.

16. Defendants deny each and every allegation set forth in Paragraph 16.

### The Working Capital True-Up

17. As pertains to Paragraph 17, Defendants admit Section 1.04(c) of the APA exists and that it speaks for itself.

18. Defendants admit the allegations set forth in Paragraph 18.

19. Defendants admit the allegations set forth in Paragraph 19.

20. As pertains to Paragraph 20, Defendants admit Section 1.03 of the Amended APA exists and that it speaks for itself.

21. Defendants deny each and every allegation set forth in Paragraph 21.

### USIC's Demand for Indemnification

22. As pertains to Paragraph 22, Defendants admit Section 7.01 of the APA exists and that it speaks for itself.

23. Defendants admit receiving Exhibit C, which is dated December 30, 2010, and deny the remaining allegations of Paragraph 23.

24. Defendants admit that USIC has demanded payments and deny the remainder of the allegations set forth in Paragraph 24.

25. Defendants deny each and every allegation set forth in Paragraph 25.

26. Defendants deny each and every allegation set forth in Paragraph 26.

## COUNT I: BREACH OF CONTRACT

27. Defendants repeat and incorporate by reference Paragraphs 1-26 above.

28. Defendants admit the allegations set forth in Paragraph 28.

29. Defendants deny each and every allegation set forth in Paragraph 29.

30. Defendants deny each and every allegation set forth in Paragraph 30.

31. Defendants deny each and every allegation set forth in Paragraph 31.

## COUNT II: UNJUST ENRICHMENT

32. Defendants repeat and incorporate by reference Paragraphs 1-31 above.

33. Defendants deny each and every allegation set forth in Paragraph 33.

34. Defendants deny each and every allegation set forth in Paragraph 34.

35. Defendants deny each and every allegation set forth in Paragraph 35.

## COUNT IV: CONVERSION

36. Defendants repeat and incorporate by reference Paragraphs 1-35 above.

37. As pertains to Paragraph 37, Defendants admit USIC became the owner of ELM's Accounts Receivables pursuant to the APA.

38. Defendants deny each and every allegation set forth in Paragraph 38.

39. Defendants deny each and every allegation set forth in Paragraph 39.

40. Defendants admit that USIC has demanded payments and deny the remainder of the allegations set forth in Paragraph 40.

41. Defendants deny each and every allegation set forth in Paragraph 41.

# DEFENDANTS' AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

1. Plaintiff's Complaint, and each cause of action alleged therein, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

(Assumption of Risk)

2. Defendants are informed and believe and thereon allege that if there presently exists or ever existed, any or all of the alleged rights, claims or obligations which Plaintiff seeks by way of its Complaint, said claims or obligations are unenforceable because Plaintiff assumed the risk involved in the transaction.

## THIRD AFFIRMATIVE DEFENSE

(Mutual Mistake)

3. Defendants are informed and believe and thereon allege that if there presently exists or ever existed, any or all of the alleged rights, claims or obligations which Plaintiff seeks by way of its Complaint, said claims or obligations are unenforceable by reason of mutual mistake.

## FOURTH AFFIRMATIVE DEFENSE

(Failure to Mitigate)

4. Defendants are informed and believe and thereon allege that Plaintiff has failed to mitigate and lessen damages, if any it sustained, as required by law, and are barred from recovery by reason thereof against Defendants.

## FIFTH AFFIRMATIVE DEFENSE

(Apportionment)

5.      Defendants are informed and believe and thereon allege that the matters complained of in the Complaint were proximately caused, in whole or in part, by the acts or omissions of a third parties or Plaintiff. Accordingly, the liability of the Defendants and responsible parties, named or unnamed, should be apportioned according to their respective degrees of fault or other legal responsibility, and the liability, if any, of Defendants should be reduced accordingly.

## SIXTH AFFIRMATIVE DEFENSE

(Contributory Negligence)

6.      Defendants are informed and believe and thereon allege that the damages referred to in the Complaint by Plaintiff were proximately caused by the Plaintiff and/or others affiliated in any manner with Plaintiff in that at all times relevant herein, Plaintiff, failed to exercise for their own protection the proper care and precautions which prudent persons under the same and similar circumstances would have exercised and that if Defendants committed any wrongful act at all (which supposition is made for the purpose of their defense without admitting such to be a fact), the aforesaid conduct of Plaintiff and/or entities or persons associated in any manner with the Plaintiff contributed to the happenings of Plaintiff 's alleged damages.

## SEVENTH AFFIRMATIVE DEFENSE

(Equitable Estoppel)

7.      Defendants allege that the Plaintiff herein, and each and every Cause of Action contained in the Complaint, is barred by reason of acts, omissions, representations and courses of conduct by Plaintiff by which Defendants were led to rely to their detriment, thereby barring, under the doctrine of equitable estoppel, any Causes of Action asserted by the Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

(Condition Precedent)

8. Defendants allege that performance by Defendants of certain acts were contingent upon receipt of specific instructions or otherwise properly directed any action which supposedly were to be undertaken by these Defendants, thus Plaintiff 's authority, direction and cooperation was a condition precedent to any alleged-obligation-by-these Defendants to perform such acts.

## NINTH AFFIRMATIVE DEFENSE

(Waiver)

9. Defendants are informed and believe and on such information and belief allege, that Plaintiff was engaged in conduct that constitutes a waiver of their rights under the contract alleged in the Complaint. By reason of said waiver, Defendants are excused from further performance of the obligations under the alleged contract.

## TENTH AFFIRMATIVE DEFENSE

(Release)

10. Defendants allege that Plaintiff's action constituted a full release and waiver of any and all claims with Plaintiff's may have against Defendants.

## DEFENDANTS' COUNTECLAIM FOR DECLARATORY JUDGMENT

Defendants hereby incorporate by reference Defendants' Complaint for Declaratory Judgment, which is being consolidated with this cause of action pursuant to the parties' Joint Motion to Consolidate Actions (Document 34), filed August 9, 2011. Said Joint Motion to Consolidate asks the Court to treat the Defendants' Complaint for declaratory judgment as a counterclaim to USIC's Complaint in this action.

Dated: August 12, 2011                    Respectfully submitted,

                                          DUE DOYLE FANNING, LLP

>                     By:    /s/ Scott E. Andres
>                            Danford R. Due, Atty. No. 4618-49
>                            Scott E. Andres, Atty. No. 25261-49
>
>                            *Attorneys for Defendants, One Call*
>                            *Locators, Ltd d/b/a Elm Locating & Utility*
>                            *Services and Lee C. Graves*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was filed electronically on the 12th day of August 2011, and that foregoing has been served or will be served upon the following counsel of record in this matter by operation of the Court's electronic filing system:

Michael A. Wukmer
Christina L. Fugate
ICE MILLER LLP

>                     By:    /s/ *Scott E. Andres*
>                            Scott E. Andres

DUE DOYLE FANNING, LLP
55 Monument Circle, Suite 900
Indianapolis, Indiana 46204
(317) 635-7700